```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                     FORT MYERS DIVISION
```

US CONNECT, LLC, a Georgia Limited
Liability Company,

                      Plaintiff,

vs.                                Case No. 2:12-cv-615-FtM-29DNF

CAPITAL SOLUTIONS BANCORP LLC, a
Florida Limited Liability Company,

                      Defendant.
_____

## OPINION AND ORDER

This matter comes before the Court on Defendant Capital Solutions Bancorp, LLC's Motion to Dismiss Counts II, III, and IV of Plaintiff's Third Amended Complaint (Doc. #22) filed on February 13, 2013. Plaintiff filed a Memorandum in Opposition (Doc. #23) on February 25, 2013. For the reasons set forth below, the motion is denied.

**I.**

On February 8, 2013, plaintiff US Connect, LLC (US Connect) filed a four-count Third Amended Complaint (Doc. #21) against defendant Capital Solutions Bancorp LLC (Capital Solutions). Plaintiff brings claims for breach of contract, violation of the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), Fla. Stat. § 501.201 *et seq.*, usury, and criminal usury. (Id.)

In the Third Amended Complaint, plaintiff alleges that on or about February 22, 2012, US Connect and Capital Solutions executed

an Accounts Receivable Purchase Agreement (Agreement). (Id., ¶ 9.) US Connect distributes cell phones to low income families under a federal government program called "Low Income Program of the Universal Service Fund" or Lifeline Assistance Program. (Id., ¶ 7.) Capital Solutions provides financing to companies. (Id., ¶ 8.) Under the Agreement, Capital Solutions purchased account receivables from US Connect in exchange for advancing funds equal to 80% of the account receivables. (Id., ¶ 10.) Payments on the account receivables were to be made directly to Capital Solutions and, if US Connect received a payment, US Connect was required to forward the payment to Capital Solutions. (Id., ¶¶ 11, 12.)

Plaintiff alleges that while the Agreement purports to be a non-recourse accounts receivable purchase agreement, it is instead a disguised loan agreement. (Id., ¶ 9.) In support, plaintiff alleges that the risk of non-payment to Capital Solutions, as stated in the Agreement, is illusory because the account debtor is Universal Services Administration Company (USAC) and its oversight federal agency, the Federal Communications Commission. (Id., ¶ 13.) Additionally, US Connect believed that the transaction was a loan and, with that understanding, US Connect negotiated a maximum interest rate in Section 12.2.2 of the Agreement. (Id., ¶ 14.)

Capital Solutions made two loans (or advanced funds) on two separate occasions to US Connect: on March 13, 2012, in the amount of $439,650.00 and on March 16, 2012, in the amount of $437,961.58.

(Id., ¶¶ 16, 26.)  The Agreement provides for various fees, charges, and expenses, including service charges, misdirected payment fees, an origination fee, and late charges.  (Id., ¶ 17.) Added together, the fees and charges resulted in an interest rate of 145.02% per year on the first advance and an interest rate of 154.69% per year on the second advance.  (Id., ¶ 26.)

Plaintiff further alleges that Capital Solutions knew that the overall interest rate charged on the loans, should there be a late or misdirected payment, would far exceed the 18% interest rate cap, and Capital Solutions entered into the Agreement with corrupt intent and knowledge that its fees would far exceed those permitted by Florida law.  (Id., ¶ 15.)

Defendant contends that Counts II, III, and IV of the Third Amended Complaint fail to state a claim upon which relief may be granted.  (Doc. #22.)  Plaintiff argues to the contrary.  (Doc. #23.)

**II.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citation omitted).  To survive dismissal, the factual allegations must be

"plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This is "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011)(citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012)(internal quotation marks and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

**III.**

**A. Counts III and IV: Usury and Criminal Usury**

Capital Solutions asserts that Counts III and IV of the Third Amended Complaint should be dismissed because the allegations are not sufficient to state a cause of action for civil or criminal usury. (Doc. #22, pp. 2-8.) In order to state a claim for usury under Fla. Stat. § 687 *et seq.*, plaintiff must allege four elements: (1) an express or implied loan; (2) an understanding between the parties that the money lent is to be returned; (3) an agreement to pay a greater rate of interest than the law allows; and (4) a corrupt intent to take more than the legal rate for the money loaned. Dixon v. Sharp, 276 So. 2d 817, 819-20 (Fla. 1973)(citations omitted). The substance of the transaction, rather than the form, will determine whether a transaction is usurious. Beausejour Corp., N.V. v. Offshore Dev. Co., Inc., 802 F.2d 1319, 1320 (11th Cir. 1986). "[A] finding of usury depends on the intent and understanding of the parties." Oregrund Ltd. P'ship v. Sheive, 873 So. 2d 451, 457 (Fla. 5th DCA 2004)(citation omitted). For example, "[a] transaction that is either entirely or partially in the form of a sale, may be usurious when the intent is to make a loan of money for a greater profit than allowed by statute." Id. (citations and emphasis omitted). Additionally, Fla. Stat. § 687 *et seq.* provides that a contract is usurious if the effective interest rate exceeds 18% for loans under $500,000, and is

criminally usurious for any loan with an effective interest rate that exceeds 25%.  Fla. Stat. §§ 687.02(1), 687.03(1), 687.071. "The element of 'corrupt intent' does not require knowledge of the usury statutes themselves by the lender and a specific intention to violate them; rather, it requires proof that the lender intended to collect payments for the loan which, when expressed as a simple rate of interest per annum, exceeded the maximum allowable rate." Saralegui v. Sacher, Zelman, Van Sant Paul, Beily, Hartman & Waldman, P.A., 19 So. 3d 1048, 1051 (Fla. 3d DCA 2009)(citation omitted).  However, a financing transaction may be exempted from the usury statute, if there is a "substantial risk, i.e., a chance of losing one's whole investment." Beausejour, 802 F.2d at 1322.

Here, plaintiff sufficiently alleges that based on the understanding between the parties and the circumstances surrounding the Agreement, the Agreement consists of an agreement to pay a greater rate of interest than the law allows and defendant intended to collect payments which exceeded the allowable interest rate. Additionally, plaintiff sufficiently alleges that defendant did not incur a substantial risk.  Therefore, the motion to dismiss is denied as to Counts III and IV.

**B.   Count II: FDUTPA**

Capital Solutions similarly asserts that Count II of the Third Amended Complaint should be dismissed because the Third Amended Complaint does not sufficiently allege the existence of the usurious loan underlying the FDUTPA claim. (Doc. #22, pp. 8, 9.) FDUTPA provides a civil cause of action for "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.204(1). A claim for damages under FDUTPA has three elements: "(1) a deceptive act or unfair practice; (2) causation; and (3) actual damages." City First Mortg. Corp. v. Barton, 988 So. 2d 86 (Fla. 4th DCA 2008)(citation omitted). See also KC Leisure, Inc. v. Haber, 972 So. 2d 1069, 1073-74 (Fla. 5th DCA 2008). A *per se* violation of FDUTPA stems from the transgression of "[a]ny law, statute, rule, regulation, or ordinance which proscribes unfair methods of competition or unfair, deceptive, or unconscionable acts or practices." Blair v. Wachovia Mortg. Corp., No. 11-cv-566-Oc-37TBS, 2012 WL 868878, at *3 (M.D. Fla. Mar. 14, 2012)(citation and internal quotation marks omitted).

Here, as discussed above, plaintiff sufficiently states claims for civil and criminal usury and, thus, plaintiff's FDUTPA claim is also sufficient.  Therefore, defendant's motion to dismiss is denied as to Count II.

Accordingly, it is now

**ORDERED:**

Defendant Capital Solutions Bancorp, LLC's Motion to Dismiss Counts II, III, and IV of Plaintiff's Third Amended Complaint (Doc. #22) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this <u>14th</u> day of August, 2013.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

Copies: Counsel of record