UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

US CONNECT, LLC, a Georgia
limited liability company,

       Plaintiff,

v.                              Case No: 2:12-cv-615-FtM-29DNF

CAPITAL SOLUTIONS BANCORP
LLC, a Florida limited
liability company,

       Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on Plaintiff's Motion to Strike Affirmative Defenses (Doc. #36) filed on September 16, 2013. Defendant filed a Response (Doc. #37) on September 27, 2013. For the reasons set forth below, the motion is granted in part and denied in part.

**I.**

On February 8, 2013, Plaintiff US Connect, LLC (Connect) filed a four-count Third Amended Complaint (Doc. #21) against Defendant Capital Solutions Bancorp LLC (CSB). Plaintiff brings claims for breach of contract, violation of the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), Fla. Stat. § 501.201 *et seq.*, usury, and criminal usury. (Id.)

In the Third Amended Complaint, Plaintiff alleges that on or about February 22, 2012, Connect and CSB executed an Accounts Receivable Purchase Agreement (the Agreement). (Id., ¶ 9.)

Connect distributes cell phones to low income families under a federal government program called "Low Income Program of the Universal Service Fund" or Lifeline Assistance Program. (Id., ¶ 7.) CSB provides financing to companies. (Id., ¶ 8.) Under the Agreement, CSB purchased accounts receivable from Connect in exchange for advancing funds equal to 80% of the accounts. (Id., ¶ 10.) Payments on the accounts were to be made directly to CSB and, if Connect received a payment, Connect was required to forward the payment to CSB. (Id., ¶¶ 11, 12.)

Plaintiff alleges that while the Agreement purports to be a non-recourse accounts receivable purchase agreement, it is instead a disguised loan agreement. (Id., ¶ 9.) In support, Plaintiff alleges that the risk of non-payment to CSB, as stated in the Agreement, is illusory because the account debtor is Universal Services Administration Company (USAC) and its oversight federal agency, the Federal Communications Commission. (Id., ¶ 13.) Additionally, Connect believed that the transaction was a loan and, with that understanding, Connect negotiated a maximum interest rate in Section 12.2.2 of the Agreement. (Id., ¶ 14.)

CSB made loans (or advanced funds) to Connect on two separate occasions: on March 13, 2012, in the amount of $439,650.00 and on March 16, 2012, in the amount of $437,961.58. (Id., ¶¶ 16, 26.) The Agreement provides for various fees, charges, and expenses, including service charges, misdirected payment fees, an origination fee, and late charges. (Id., ¶ 17.) Added together,

the fees and charges resulted in an interest rate of 145.02% per year on the first advance and an interest rate of 154.69% per year on the second advance. (Id., ¶ 26.)  Plaintiff further alleges that CSB knew that the overall interest rate charged on the loans, should there be a late or misdirected payment, would far exceed the 18% interest rate cap, and CSB entered into the Agreement with corrupt intent and knowledge that its fees would far exceed those permitted by Florida law. (Id., ¶ 15.)

On August 28, 2013, Defendant filed its Answer and Affirmative Defenses to Plaintiff's Third Amended Complaint.  (Doc. #35.) Plaintiff now moves to strike Defendant's seventh, eighth, and tenth affirmative defenses, arguing that they fail to meet the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  (Doc. #36.)  Defendant responds that its affirmative defenses were properly pled.  (Doc. #37.)

**II.**

Under Fed. R. Civ. P. 12(f), "the Court may order stricken from any pleading any insufficient defense or redundant, immaterial, impertinent, or scandalous matter."  Courts disfavor motions to strike and deny them unless the allegations have "no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party."  Reyher v. Trans World Airlines, Inc., 881 F. Supp. 574, 576 (M.D. Fla. 1995).  "An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his

- 3 -

case by a preponderance of the evidence." <u>Wright v. Southland Corp.</u>, 187 F.3d 1287, 1302 (11th Cir. 1999). Affirmative defenses must follow the general pleading requirements contained in Rule 8 of the Federal Rules of Civil Procedure. A party must "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1)(A). As with any pleading, an affirmative defense must provide "fair notice" of the nature of the defense and the grounds upon which it rests, <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 553 (2007), and state a plausible defense. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679 (2009). Thus, "[w]hile an answer need not include a detailed statement of the applicable defenses, a defendant must do more than make conclusory allegations. If the affirmative defense comprises no more than bare bones conclusory allegations, it must be stricken." <u>Microsoft Corp. v. Jesse's Computers & Repair, Inc.</u>, 211 F.R.D. 681, 684 (M.D. Fla. 2002) (internal quotations omitted).

### III.

**A. Defendant's Seventh and Eighth Affirmative Defenses**

Defendant's seventh affirmative defense states that "any damages awarded to Connect in this action should be set off against damages awarded to CSB for, without limitation, Connect's failure to remit accounts receivable to CSB, and costs and attorneys' fees incurred in connection with Connect's failure to remit accounts receivable to CSB." (Doc. #35, ¶ 26.) Similarly, Defendant's eighth affirmative defense states that Connect's failure to remit

accounts receivable as required by the Agreement constitutes a failure to mitigate damages. (Doc. #35, ¶ 27.) Connect contends that these defenses should be stricken because CSB failed to specify which remittances are at issue or how Connect could have mitigated its damages by making those remittances. (Doc. #36, p. 3.) The Court disagrees.

In the Third Amended Complaint, Connect states that it received a $478,131 payment from USAC but that it failed to forward the payment to CSB as required by the Agreement. (Doc. #21, ¶ 18.) Defendant's seventh and eighth affirmative defenses, though not overly detailed, are sufficient to provide Connect with fair notice that CSB intends to argue that those (or similar) actions constitute a failure to mitigate damages and/or entitle CSB to a set-off. At this stage, more detail is unnecessary as the affirmative defenses are plausible, the nexus between the affirmative defenses and Plaintiff's allegations is clear, and there is no showing of prejudice to Plaintiff. See Reyher, 881 F. Supp. at 576; see also Branch Banking & Trust Co. v. Boone, No. 10-CV-1424, 2010 WL 3834050, at *1-2 (M.D. Fla. Sept. 28, 2010) (defendant need not allege the specific dates of the transactions allegedly entitling it to a set-off). Accordingly, Plaintiff's motion to strike Defendant's seventh and eighth affirmative defenses is denied.

**B.    Defendant's Tenth Affirmative Defense**

In its entirety, Defendant's tenth affirmative defense states that "Connect's claims against CSB are barred because CSB at all times acted in good faith."  (Doc. #35, ¶ 29.)  Such a defense, which does not provide any additional information connecting it to Plaintiff's claims, is precisely the type of bare-bones conclusory allegation that must be stricken.  <u>Microsoft</u>, 211 F.R.D. at 684.  Accordingly, Plaintiff's motion to strike Defendant's tenth affirmative defense is granted.  Further, as requested by Defendant (Doc. #37, pp. 7-8), the Court grants Defendant leave to amend its tenth affirmative defense.

Accordingly, it is hereby

**ORDERED:**

Plaintiff's Motion to Strike Affirmative Defenses (Doc. #36) is **GRANTED IN PART AND IS DENIED IN PART.**  The motion is granted as to the tenth affirmative defense and is otherwise denied.  Defendant is granted leave to amend its tenth affirmative defense, and must file such amendment by June 13, 2014.

**DONE and ORDERED** at Fort Myers, Florida, this __29th__ day of May, 2014.

                                                   */s/ John E. Steele*
                                                   JOHN E. STEELE
                                                   UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record